UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON VAN ASSCHE,

    Plaintiff,

-vs-                                                  Case No. 09-14812
                                                      HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant,

_____/

**<u>MEMORANDUM AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

### I. Introduction

This is a Social Security case. Plaintiff Sharon Van Assche (Van Assche) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for disability benefits.  Van Assche  claims disability since January 1, 2005.

The parties filed cross motions for summary judgment, which were referred to a Magistrate Judge (MJ) for a report and recommendation (MJRR).  The MJ recommended that Van Assche's motion for summary judgment be denied and the Commissioner's decision be upheld.

Now before the Court are Van Assche's objections to the MJRR.  The Court originally scheduled this matter for hearing.  However, upon review of the parties' papers, the Court finds that oral argument is not necessary.  <u>See</u> E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court will adopt the MJRR and the case will be dismissed.

## II. Background

### A.

The MJRR sets forth the facts which are summarized here. On March 20, 2006, Van Assche applied for disability benefits due to severe fatigue and impairments stemming from obesity, bilateral carpal tunnel syndrome, depression and anxiety, degenerative disc disease, and hypertension. Particularly, she suffered numbness in the hands, difficulty with clothing buttons, and severe problems with itching and dropping things. She was previously employed part time as a receptionist, cleaning person, and home health care provider. On June 20, 2006, the Commissioner denied the claim. Van Assche then requested review before an Administrative Law Judge (ALJ) who also denied the claim, finding that she was not disabled. Particularly, the ALJ said that Van Assche was able to perform the job duties of an information clerk, identification clerk, video surveillance monitor, sorter, or even a part-time receptionist. Van Assche appealed the ALJ's decision. On October 9, 2009, the Appeals Council denied her request for review.

Van Assche brought this action seeking judicial review. The MJ rejected Van Assche's arguments, finding substantial evidence on the record to support the ALJ's decision.

### B.

Van Assche now objects to the MJRR on two grounds. First, she argues that the MJ erred by not giving the appropriate weight to Dr. Coccitti's opinion, her long-term treating physician. Second, she maintains that the hypothetical posed to the VE was flawed because it did not include her residual functional capacity and did not give appropriate consideration to her nonexertional limitations. Accordingly, Van Assche argues that the

MJ's decision should be reversed or remanded.

### III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the MJRR that the claimant finds objectionable are reviewed de novo. 28 U.S.C. § 636(b)(1)(c); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

### IV. Discussion

As stated, Van Assche raises two objections to the MJRR as follows.

A.

First, Van Assche says the ALJ erred by not give controlling weight to her treating physician's opinion. "Generally, the opinions of treating physicians are given substantial,

3

if not controlling deference." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004).  Although the treating physician's opinion is normally entitled to substantial deference, the ALJ is not bound by that opinion.  Malone v. Comm'r of Soc. Sec., 69 F.3d 537, 1995 WL 641280, *3 (6th Cir. 1995) (per curiam) (citing Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987)).  A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); see Cox v. Comm'r of Soc. Sec., 295 F. App'x 27, 35 (6th Cir. 2008).  The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001), see also Kidd v. Comm'r of Soc. Sec., 283 F. App'x 336, 340 (6th Cir. 2008).

Particularly, Van Assche argues that the ALJ improperly discounted Dr. Coccitti's opinion, which describes that she has severe work limitations caused by her inability to utilize her hands for fine manipulation, because the opinion is supported by neurologist Dr. Harnath Policherla, who diagnosed Van Assche with severe bilateral carpal tunnel syndrom.  Van Assche also argues that Dr. Coccitti's opinion was consistent with her Electromyography and Radiographic medical test results, which show that she has a reduced range of motion.  Moreover, Van Assche says that the ALJ improperly afforded more weight to a non-treating physician, who performed a one-time general consultation for her diabetes, without looking at her medical record, and before her disability symptoms and deficiencies had increased.

In response, the Commissioner argues that the ALJ gave reasonable consideration

to Dr. Coccitti's opinion, which classified Van Assche in "stable condition," but did not provide objective findings in support of a finding of disability. Further, the ALJ found that Dr. Coccitti's opinion was inconsistent with Van Assche's self-reported activities of being able to stand for thirty minutes and do housework with the help of her children. Finally, the ALJ observed that Dr. Coccitti's opinion that Van Assche suffered from some tenderness, weakness, reflex abnormalities was not inconsistent with the decision to restrict Van Assche to sedentary work.

Based on the above, the Court finds that the ALJ's decision was based on substantial evidence, with proper consideration and weight given to Dr. Coccitti's opinion. Thus, Van Assche's objection lacks merit.

B.

Next, Van Assche says that the hypothetical posed by the ALJ to the VE was not an accurate portrayal of her work limitations because it did not include her residual functioning capacity or nonexertional limitations. "Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays plaintiff's individual physical and mental impairments.'" White v. Astrue, No. 07-13489, 2008 WL 2780658, at *9 (E.D. Mich. July 16, 2008) (citing Varley v. Sec'y of HHS 820 F.2d 777, 779 (6th Cir. 1987). However, the ALJ is not required to incorporate unsubstantiated complaints into hypotheticals. White at *9 (citing Stanley v. Sec'y of HHS, 39 F.3d 115, 118-119 (6th Cir. 1994); Hardaway v. Sec'y of HHS, 823 F.2d 922, 927-28 (6th Cir. 1987)).

Particularly, Van Assche asserts that the hypothetical was flawed because it did not accurately reflect Dr. Coccitti's opinion that she was precluded from all employment. In

response, the Commissioner argues, as it did to Van Assche's first objection, that the hypothetical was proper because it was based on the ALJ's assessment of Van Assche's work limitations after considering all of the evidence on the record, including Dr. Coccitti's opinion. Particularly, the ALJ instructed the VE to accept Van Assche's testimony as to her exertional limitations, and necessarily informed the VE that Van Assche could only do sedentary jobs and jobs with a sit/stand option due to her lifting restriction.

The Court finds that the ALJ's hypothetical accurately represented Van Assche's work limitations based on the evidence. Thus, Van Assche's objection is overruled.

## V. Conclusion

Accordingly, Van Assche's motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED. The case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 30, 2011, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160